

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*



*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 7, 2014

BY HAND AND ECF

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square, Suite 435
New York, New York 10007

    Re:    *United States v. JPMorgan Chase Bank, N.A.*, No. 14 Cr. __ (LAK)
            *United States v. $1,700,000,000 in U.S. Currency*, No. 14 Civ. 0063 (ALC)

Dear Judges Kaplan and Carter:

    The Government respectfully writes to advise the Court of the two matters referenced above that were initiated earlier today. First, *United States v. JPMorgan Chase Bank, N.A.* is a criminal action, which was assigned to Judge Kaplan, following the filing of a Notice of Intent to File an Information. Second, *United States v. $1,700,000,000 in U.S. Currency*, assigned to Judge Carter, is a related civil forfeiture action. We write to provide a brief overview of these cases, and to transmit the enclosed documents.

    Both actions relate to a Deferred Prosecution Agreement (the "Agreement") that JPMorgan Chase Bank, N.A. ("JPMC" or the "Bank") has entered into with the United States Attorney's Office for the Southern District of New York, in connection with the Bank's relationship with Bernard L. Madoff and his securities business. Specifically, JPMC (and its predecessor institutions) served as Madoff's primary banker for more than 20 years, and continued to do business with Madoff even as individuals within various segments of the Bank developed serious and well-articulated suspicions that Madoff was perpetrating a fraud. Contrary to its obligations under the Bank Secrecy Act, 31 U.S.C. § 5311, *et seq.*, JPMC did not have adequate anti-money laundering policies in place to address those suspicions, and JPMC failed to file a Suspicious Activity Report, or SAR, as required by law – even as it acted on its suspicions to avert hundreds of millions of dollars in losses to the Bank itself.

Pursuant to the Agreement, JPMC has agreed, among other things, to (a) waive indictment and consent to the filing of a two-count felony Information, charging the Bank with violations of the Bank Secrecy Act; (b) accept responsibility by, among other things, expressly acknowledging the accuracy of a detailed Statement of Facts that is incorporated into the Agreement; (c) pay a $1.7 billion penalty, in the form of a civil forfeiture, which the Government intends to distribute to victims of the Madoff fraud, and which constitutes the largest ever financial penalty imposed by the Department of Justice for a violation of the Bank Secrecy Act; (d) refrain from future criminal conduct and cooperate fully with the Government; and (e) continued enhancement of its Bank Secrecy Act / Anti-Money Laundering compliance program, consistent with orders previously entered by the Bank's regulators, and the submission of quarterly reports and other information to the U.S. Attorney's Office concerning compliance and related issues.  In exchange, the Government has agreed to defer prosecution on the Information for a period of two years, after which time – assuming that the Bank complies in all respects with the Agreement – the Government will seek to dismiss the charges.  (In the Agreement, the Bank has also waived its Speedy Trial rights.)

Accordingly, the Government respectfully requests that Judge Kaplan schedule an initial appearance in the criminal action at the earliest convenient date, at which a representative of the Bank can – on behalf of JPMC and acting under authority granted by its Board of Directors – formally waive indictment and be arraigned on the Information.  The Government will then ask that time be excluded under the Speedy Trial Act during the term of the Agreement, pursuant to 18 U.S.C. § 3161(h)(2).

There is no action requested in the civil action at this time.  Pursuant to the Agreement, JPMC has agreed to waive service of the Government's Verified Complaint and to the entry of an order of forfeiture.  Accordingly, the Government will proceed pursuant to Rule G of the Supplemental Rules for Maritime Claims and Asset Forfeiture Actions to the Federal Rules of Civil Procedure, and seek a final order of forfeiture after the appropriate notice period has elapsed.  As noted above, upon entry by the Court of a final order of forfeiture, it is the Government's intention to distribute the $1.7 billion forfeited by JPMC, along with approximately $2.35 billion forfeited from other sources to date, to the victims of the Madoff fraud, pursuant to an ongoing victim remission program.  *See* www.MadoffVictimFund.com.

Enclosed are copies of the Deferred Prosecution Agreement, which has attached thereto the Statement of Facts, the proposed Information, the Verified Forfeiture Complaint, and a resolution duly enacted by the Board of Directors of JPMC. Please do not hesitate to contact us at the numbers below if we can provide any additional information.

Respectfully,

/s/ Matthew L. Schwartz
MATTHEW L. SCHWARTZ
ARLO DEVLIN-BROWN
Assistant United States Attorneys
Tel.: (212) 637-1945 / 2506

cc: John F. Savarese, Esq. (JFSavarese@wlrk.com)
*Counsel to JPMorgan Chase Bank, N.A.*